UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GOLDIE LORCH, on behalf of herself and similarly situated employees, | : : : | |
| | : | Civil Action No. 13-cv-00894 |
| Plaintiff, | : : | |
| v. | : : | Judge Terrence F. McVerry |
| FIRST NATIONAL BANK OF PENNSYLVANIA, N.A. and FNB CORPORATION, | : : : : | |
| Defendants. | : | |

**AMENDED ANSWER**

Pursuant to Rule 15(a)(2), Defendants First National Bank of Pennsylvania and F.N.B. Corporation file the following Amended Answer, having been given written consent to do so by counsel for Plaintiff.  Paragraphs 4 and 5 have been amended by deleting the words "Personal Banking Representative," and in all other respects the Answer is unchanged.

*First Defense*

1. Defendants respond to Paragraphs 1, 2 and 3 by stating they do not contest the subject matter or personal jurisdiction of the Court or that venue is proper in this district.

2. Defendants admit the allegations in Paragraphs 5, 6, 8, 11, 12, 14, 22, 23, 24 and 61.

3. Defendants admit only so much of Paragraph 4 as avers that Plaintiff is an individual residing in Elrama, Pennsylvania.  By way of further response, Plaintiff was never an employee of F.N.B. Corporation.  Until January 2012, Plaintiff was an employee of First

1

National Bank of Pennsylvania and thereafter, Plaintiff became an employee of F.N.B. Payroll Services, LLC.[1]

4.     Defendants admit only so much of Paragraph 13 as avers that Plaintiff was employed at one time as a Banking Officer and a Branch Banker by either First National Bank of Pennsylvania or F.N.B. Payroll Services, LLC.

5.     Defendants admit only so much of Paragraph 15 as avers that in her positions as a Banking Officer and a Branch Banker with either First National Bank of Pennsylvania or F.N.B. Payroll Services, LLC, Plaintiff was classified as exempt and was paid a salary in accordance with the FLSA.

6.     Defendants admit only so much of Paragraph 17 as avers that F.N.B. Payroll Services, LLC currently employs Branch Bankers in Pennsylvania.

7.     Defendants admit only so much of Paragraph 19 as avers that F.N.B. Payroll Services, LLC classifies Branch Bankers as exempt and pays them a salary in accordance with the FLSA.

8.     Defendants admit only so much of Paragraph 29 as avers that Plaintiff made a complaint to Joanne Horgos in which Plaintiff claimed that it was "unfair" to require employees to work 37.5 hours over 5 ½ days in a week.

9.     Defendants admit only so much of Paragraph 32 as avers that Plaintiff requested a meeting with Mr. Giulianelli, who did not meet with her and sent her an e-mail, which email is in writing and speaks for itself.

---

[1]     Throughout this Answer, Defendants will treat the word "Defendants" as if it refers to First National Bank of Pennsylvania and F.N.B. Payroll Services, LLC, which were Plaintiff's employers, rather than repeating each time the word "defendants" appears that plaintiff was never an employee of F.N.B Corporation.

10. Defendants admit only so much of Paragraph 35 as avers that Ms. Horgos and Mr. Giulianelli signed Plaintiff's 2011 performance review on February 22, 2012.

11. Defendants admit only so much of Paragraph 36 as avers that Plaintiff's 2011 performance review contained negative comments. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that this was the "first time in her career."

12. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

13. Defendants admit only so much of Paragraph 40 as avers that Plaintiff had an in person meeting on June 14, 2012 with a human resources representative and complained during that meeting about Ms. Horgos.

14. Defendants admit only so much of Paragraph 41 as avers that Plaintiff complained on June 14, 2012 about Ms. Horgos's alleged treatment of Plaintiff and that Ms. Horgos allegedly placed wildflowers on her desk.

15. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 that Plaintiff had an allergic reaction which caused her eyes to tear, her nose and throat to swell, and that she vomited.

16. Defendants admit only so much of Paragraph 43 as avers that in July 2012, F.N.B. Payroll Services, LLC posted an available Branch Manager position on its internal website for which Plaintiff applied.

17. Defendants admit only so much of Paragraph 44 as avers that Plaintiff was not interviewed, was not considered for the position and that Mary Kay, who was already a Branch Manager at the Bethel Park branch, was transferred into the position.

18. Defendants admit the allegations in Paragraph 45, except that Ms. Vieceli was promoted in August 2012, not July 2012.

19. Defendants admit only so much of Paragraph 48 as avers that Plaintiff became a Branch Banker.

20. Defendants admit only so much of Paragraph 50 as avers that Plaintiff complained about Ms. Horgos's alleged treatment of her, about Mr. Giulianelli allegedly yelling at her, and about not being interviewed for certain Branch Manager positions.

21. Defendants respond to Paragraphs 59, 69, and 80 by incorporating herein by reference their responses to the Paragraphs incorporated therein by reference.

22. Defendants admit only so much of Paragraph 81 as avers that Plaintiff took FMLA leave.

23. Except as expressly admitted above, Defendants deny each and every averment of the Complaint.

### *Second Defense*

Plaintiff does not have standing to seek the injunctive relief requested in the complaint because she is no longer employed by any of the defendants.

### *Third Defense*

Plaintiff was at all relevant times exempt from the overtime provisions of the FLSA.

### *Fourth Defense*

4

Contrary to Plaintiff's allegations, the FLSA does not entitle employees to compensation for "every hour worked" in a workweek and, to the extent that Plaintiff asserts a cause of action to recover damages on that basis, such cause of action fails to state a claim upon which relief can be granted.

### Fifth Defense

If it is determined that Defendants violated the FLSA, which Defendants deny, such violations were not willful.

### Sixth Defense

Plaintiff's complaints about practices made unlawful under the FLSA; to wit, her complaints that pay records were allegedly inaccurate, have no basis in fact and do not constitute protected activities because Plaintiff did not make such complaints in good faith and with a reasonable belief that she was complaining of conduct made unlawful by the FLSA.

### Seventh Defense

Plaintiff did not suffer any adverse employment actions or actions that were sufficiently negative to dissuade a reasonable employee not to engage in protected activities.

WHEREFORE, Defendants pray for judgment in their favor and against the Plaintiff and for such other and further relief, including attorneys' fees and costs, as may be warranted.

Respectfully submitted,

*/s/ John J. Myers*
John J. Myers, Pa. I.D., 23596
Andrew T. Quesnelle, Pa. I.D. No. 203566
Eckert Seamans Cherin & Mellott LLC
44th Floor, 600 Grant Street
Pittsburgh, PA 15219
412-566-6000