IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GOLDIE J. LORCH, on behalf of herself and similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>FIRST NATIONAL BANK OF PENNSYLVANIA, N.A. and F.N.B. CORPORATION<br><br>Defendants. | CIVIL ACTION<br><br>NO. 2:13-cv-0894 |

**Fed. R. Civ. P. 26(f) JOINT REPORT OF THE PARTIES**
**(CONDITIONAL CERTIFICATION ACTION)**

1. **Identification of counsel and unrepresented parties.**

   Brendan J. Donelon
   DONELON, P.C.
   802 Broadway, 7th Floor
   Kansas City, MO 54105
   Ph: (816) 221-7100
   Fx: (816) 472-6805
   Email: brendan@donelonpc.com


   Vincent James Mersich
   Law Office of Vincent J. Mersich, LLC
   400 Market Street
   Elizabeth, PA 15037
   Phone: 412.384.8803
   Fax: 412.384.8805
   Email: vincent.mersich@outlook.com

   ATTORNEYS FOR PLAINTIFFS

   John J. Myers
   Andrew T. Quesnelle
   Eckert Seamans Cherin & Mellott, LLC
   600 Grant Street, 44th Floor
   Pittsburgh, PA 15219

tel.  412-566-5900
cell 412-302-4815
jmyers@eckertseamans.com

ATTORNEYS FOR DEFENDANTS

2. **Set forth the general nature of the case**:

Plaintiff Goldie J. Lorch has asserted individual claims for retaliation under the Fair Labor Standards Act ("FLSA") and the Family Medical Leave Act ("FMLA").  Additionally, Lorch asserts a claim for unpaid overtime on behalf of Personal Banking Representatives, Banking Officers, and Branch Bankers (and other employees with similar titles) (collectively referred to herein as "Bankers") working at Defendants' retail banking centers.  While misclassification is an affirmative defense, in essence, Plaintiff has alleged that Defendants misclassified Bankers as exempt from overtime.  Thus, under Count I of the Complaint, Plaintiff asserts a collective class action claim on behalf of all Bankers under Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  Defendant First National Bank of Pennsylvania, N.A. is wholly owned subsidiary of Defendant F.N.B. Corporation.  Defendants do business in retail banking centers throughout Pennsylvania, Ohio, Maryland and West Virginia.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

A Rule 26(f) conference was held on October 30, 2013.  It was attended by Brendan J. Donelon and Vincent Mersich, attorneys for the Plaintiffs; and John Myers, attorney for the Defendants.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

November 22, 2013.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

None of the parties anticipate filing a dispositive motion pursuant to Rule 12.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process.  Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

As indicated by the "Stipulation Selecting ADR Process," the Parties designate mediation as the ADR process.

2

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

   None.

8. **The parties plan to conduct limited non-merit based discovery prior to the Plaintiff filing her Motion for Conditional Certification under § 216(b) of the FLSA.**

9. **Subjects on which this pre-conditional certification discovery may be needed. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):**

   Non-merit based discovery regarding the similarity among Bankers' primary job duties and responsibilities at the Defendants' retail banking centers.  This would include (i) Defendants' policies and practices applicable to Bankers and their branches including job descriptions, forms utilized for performance reviews, and other documents utilized by Bankers in the performance of their job duties; (ii) Defendants' classification of Bankers as overtime-exempt and the process by which Defendants determined that all Bankers should be classified as overtime-exempt; and (iii) any defense asserted by Defendants pertaining to conditional certification.

   Regarding the Plaintiffs' retaliation claims as asserted under Counts II and III of the Complaint, the parties intend on conducting discovery on those matters during the second, post-conditional certification, discovery phase.

10. **Set forth suggested dates for the following:**

    a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**  November 18, 2013.

    b. **Date by which any additional parties shall be joined:**  Within 90 days after the Court Rules on Plaintiffs' Motion for Conditional Certification.

    c. **Date by which the pleadings shall be amended:**  Within 90 days after the Court Rules on Plaintiffs' Motion for Conditional Certification.

    d. **Date by which stage one conditional certification discovery shall be completed:**  January 31, 2014.

    e. **Date by which plaintiffs' expert reports as to stage one conditional class certification shall be filed:**  Plaintiff does not anticipate utilizing an expert report.

3

    **f.  Date by which defendants' expert reports as to class certification shall be filed:**  Defendants do not anticipate utilizing an expert report.

    **g.  Date by which depositions of class certification experts must be completed:**  N.A.

    **h.  Plaintiffs' Motion for Conditional Class Certification under the first stage of § 216(b) as alleged in Count I of the Complaint:**  Up to March 3, 2014.

    **i.  Defendants' Memorandum in Opposition to Class Certification and all supporting evidence shall be filed by:**  Thirty days after Plaintiff files her Motion.

    **j.  Plaintiffs' Reply Memorandum in support of class certification, if any, shall be filed by:**  Fifteen days after Defendants file their Opposition.

    **k.  The Class Certification hearing shall be as scheduled by the Court.**

**11.  After the resolution of the motion for conditional certification, the parties wish to establish a schedule for post certification matters:**

    **a.  If the motion for conditional certification is granted, the date by which a jointly proposed class notice will be presented to the Court:**
    **b.  If the motion for conditional certification is granted, the date by which the Defendants should provide the mailing data for class members:**
    **c.  Date by which fact discovery should be completed:**
    **d.  Date by which plaintiff's expert reports should be filed:**
    **e.  Date by which depositions of plaintiff's expert(s) should be completed:**
    **f.  Date by which defendant's expert reports should be filed:**
    **g.  Date by which depositions of defendant's expert(s) should be completed:**
    **h.  Date by which third party expert's reports should be filed:**
    **i.  Date by which depositions of third party's experts should be completed.**

**12.  If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

**13.  Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration:**

**14.  Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in**

       **either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:**

       **a.**    **Settlement and/or transfer to an ADR procedure;**

       **b.**    **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 11.b. through 11.h., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

       **c.**    **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

       **d.**    **Dates by which parties' pre-trial statements should be filed;**

       **e.**    **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

       **f.**    **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

       **g.**    **Dates proposed for final pre-trial conference;**

       **h.**    **Presumptive and final trial dates.**

**15.**    **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

Protective Order addressing confidential documents.

**16.**    **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

At this time, this is not anticipated.

**17.**    **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 10 and/or 11, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

**18.**    **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

The parties believe mediation would be best after the Court rules on the motion for conditional certification.

Date:  November 6, 2013

Vincent James Mersich
Law Office of Vincent J. Mersich, LLC
400 Market Street
Elizabeth, PA 15037
Phone: 412.384.8803 / 724.493.5201
Fax: 412.384.8805
Email: vincent.mersich@outlook.com

/s/ Brendan J. Donelon
Brendan J. Donelon (admitted *pro hac vice*)
DONELON, P.C.
420 Nichols Road, Ste. 200
Kansas City, Missouri 64112
Phone:  (816) 221-7100
Fax:     (816) 709-1044
Email:  brendan@donelonpc.com

*Attorneys for Plaintiff,*

-and-

/s/ John J. Myers
John J. Myers
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
tel.  412-566-5900
cell 412-302-4815
jmyers@eckertseamans.com

*Attorneys for Defendants.*